# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DAVID LIDANY GONZALES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CA C-08-385** |
| | § | |
| **WARDEN RICHARD CRITES, ET AL.,** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the Darrington Unit in Rosharon, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials at the McConnell East Unit in Beeville, Texas, used excessive force and failed to protect him from the risk of harm by other inmates (D.E. 1). Pending is plaintiff's second motion for appointment of counsel (D.E. 28).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right to access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case

presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1);

Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.

Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v.

Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.

This case is not complex.  According to plaintiff, he advised defendants that he was in danger

of being assaulted by Tango Blast gang members, and defendants failed to separate him from

those gang members.  He was later assaulted.  Plaintiff also alleges that defendant Major

Ambriz used excessive force on him by twisting his arm and punching him in the stomach.

Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately

investigate and present his case.  Id.  Plaintiff's pleadings demonstrate he is reasonably

articulate and intelligent.  During the evidentiary hearing held by telephone conference, plaintiff

was articulate and demonstrated he understands his claims.  At this early stage of the case,

plaintiff is in a position to adequately investigate and present his case, and to conduct discovery.

Initial disclosures have been supplied to plaintiff, and he may communicate directly with the

attorney for the defendant if he is seeking additional discovery.

The fourth factor which should be examined is whether the evidence will consist in large

part of conflicting testimony so as to require skill in the presentation of evidence and in cross-

examination.  Id.  Examination of this factor is premature because the case has not yet been set

for trial.  Dispositive motions have not yet been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorney's fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's second motion for appointment of counsel (D.E. 28) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 22nd day of July, 2009.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE